IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:97-CR-20-3-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIE PURVIS | ) | |
| | ) | |

This matter is before the court on defendant's motion to temporarily suspend his restitution obligation. (DE # 227.) The government filed a response in opposition. (DE # 229.)

With defendant's sentence for conspiracy to rob a federally licensed firearms dealer and related offenses, the court ordered defendant to immediately pay restitution, jointly and severally with his co-defendants, in the amount of $28,321.56; the court did not set a payment schedule. (DE # 86, at 7-8, 10.) Defendant, who remains incarcerated, requests that the court temporarily suspend his restitution payments pending the COVID-19 (and its variants) pandemic. (DE # 229, at 1.) He cites to the pandemic-associated rising costs and loss of wages which make it difficult for him and family and friends, on whom he relies for financial assistance, to make restitution payments. (See id. at 1-2.) The government contends that the court lacks the authority to amend or modify defendant's judgment and that, to the extent defendant is challenging the execution of his sentence, he must first exhaust his administrative remedies in the Bureau of Prisons ("BOP"). (Resp., DE # 229, at 2-4.)

"A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions." United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014) (per curiam) (footnote omitted) (citing 18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013)). Under one of those exceptions, "a court

may 'adjust the payment schedule . . .' if it finds a 'material [change] in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" Id. (quoting 18 U.S.C. § 3664(k)). However, where no payment schedule has been ordered, like the case here, "no schedule exists for the Court to amend." United States v. Howard, No. 16-MC-51863, 2018 WL 1312404, at *2 (E.D. Mich. Mar. 14, 2018) (collecting cases). That defendant may be making periodic restitution payments through the BOP's Inmate Financial Responsibility Program is irrelevant. See United States v. Hill, No. 4:13-CR-28-BR, 2017 WL 2964016, at *2 (E.D.N.C. May 24, 2017) (authorizing the BOP to turn over to the Clerk of Court lump sum from the defendant's inmate trust account to pay restitution because the court ordered restitution paid immediately, even though the defendant may be making payments through the Inmate Financial Responsibility Program), aff'd, 706 F. App'x 120 (4th Cir. 2017). Therefore, the court cannot grant defendant the relief he seeks.

Defendant's motion is DENIED.

This 18 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge