IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:97-CR-20-BO-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIE PURVIS | ) | |

This cause comes before the Court on defendant's motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded in opposition, and the motion is ripe for disposition. For the reasons that follow, the motion is denied.

## BACKGROUND

Defendant, Purvis, is currently serving a sentence of 660 months' imprisonment following his plea of guilty to robbery, firearms, and drug charges. [DE 86]. The charges stemmed from the robbery of a firearms dealer at gunpoint and the exchange of stolen firearms for distribution quantities of crack cocaine. *See* [DE 259]. Purvis seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the change in law applicable to his sentences for conduct in violation of 18 U.S.C. § 924(c). Specifically, Purvis argues that, if sentenced today, he would face an advisory Guidelines range of 480 months to life, rather than the 660 months to life range he faced at sentencing. This change is based upon the application of the First Step Act, which removed the "stacking regime" previously applicable to § 924(c) convictions. *See United States v. McCoy*, 981 F.3d 271, 278 (4th Cir. 2020). If he were sentenced today, Purvis would face a mandatory minimum sentence of sixty months on the second § 924(c) conviction in this case, rather than the 240 month mandatory minimum applicable at the time he was sentenced. Purvis is currently

housed at USP Caanan and his projected release date is December 2, 2044. https://www.bop.gov/inmateloc/ (last visited April 9, 2025). Purvis requests a reduction in his sentence of fifteen years, not immediate release.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release may be available to defendants who demonstrate "extraordinary and compelling reasons" which support either a reduction in sentence or immediate release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). If extraordinary and compelling reasons are present, a court must further find that any reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). Finally, a court considers whether the factors outlined in 18 U.S.C. § 3553(a) support a reduction in sentence. *Malone*, 57 F.4th at 174.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's motion for compassionate release.[1] Section 1B1.13 lists several extraordinary and

---

[1] When defendant filed this motion, there was no "'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)[.]" *McCoy*, 981 F.3d at 284. In November 2023, the Sentencing Commission's amendments to § 1B1.13 that set the contours of extraordinary and compelling reasons took effect. This Court will use these new policy statements when considering the instant motion. *See* U.S.S.G. § 1B1.10 cmt. n.9 ("[T]he court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."); *see, e.g., United States v. Surles*, No. 5:19-CR-63, 2024 WL 1976548 at *2 n.1 (E.D.N.C. May 3, 2024) (applying current policy statement and collecting cases holding same); *see also* [DE 248] (notice of Nov. 1, 2023, amendment provided by defense counsel as suggestion of subsequently decided authority). Purvis's *pro se* request for additional briefing following the Guidelines amendments [DE 257] is denied as moot.

2

compelling reasons: (1) a defendant's medical circumstances; (2) a defendant's advanced age combined with serious physical or mental health deterioration; (3) a defendant's family circumstances; (4) a defendant's status as a victim of sexual or physical abuse perpetrated by those with custody over the defendant; (5) any other reasons which, considered alone or together, are similarly serious to those circumstances outlined in paragraphs (1) through (4); and (6) defendant's unusually long sentence, so long as at least ten years of imprisonment have been served. U.S.S.G. § 1B1.13(b)(1)-(6). Other than in considering a defendant's unusually long sentence, a change in the law is not considered an extraordinary and compelling reason for a reduction in sentence. *Id.* § 1B1.13(c).

Purvis has demonstrated that he has exhausted his administrative remedy. Assuming, without deciding, however, that Purvis has demonstrated extraordinary and compelling circumstances, the 18 U.S.C. § 3553(a) factors counsel strongly against a reduction in Purvis's sentence. The charges in this case stem from a violent armed robbery which resulted in the death of one of the employees of the firearms store. Purvis and his codefendants stole approximately forty-two firearms that day. Purvis further plotted to kill three additional people who came to possess some of the stolen firearms.

While incarcerated, Purvis has taken a number of courses. He has worked as an orderly and obtained his GED. Purvis has also incurred infractions while incarcerated, including possessing a hazardous tool and possessing a dangerous weapon. When he is released from federal custody, Purvis will serve a 251-311 month sentence in state custody following his conviction for second-degree murder. Purvis's state sentence is to run consecutively to his federal sentence.

A reduction in Purvis's sentence would not serve the goals of sentencing. Recognizing that Purvis has made some good use of the time he has been incarcerated, and that some of his sentence

3

has been served while under restrictive conditions imposed due to the COVID-19 pandemic, the serious, violent nature of the offense conduct and the need to provide just punishment for the crimes committed simply do not support a conclusion that any reduction is appropriate in this case.

## CONCLUSION

Accordingly, for the foregoing reasons, the motions compassionate release filed by defendant [DE 247] and counsel [DE 253] are DENIED.

SO ORDERED, this __11__ day of April 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE